IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **VIGILANT LLC**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **HELZBERG'S DIAMOND** | ) |
| **SHOPS, LLC**, | ) |
| | ) |
| Defendant. | ) |

### **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Helzberg's Diamond Shops, LLC ("Defendant"), for its Answer and Affirmative Defenses to Plaintiff Vigilant LLC's ("Plaintiff") Complaint, states and alleges as follows:

### **PARTIES**

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

### **JURISDICTION AND VENUE**

3. The allegations in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation that this controversy "shall be brought exclusively in Butler County, Ohio." Further responding, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3 and, thus, denies the same.

4. The allegations in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation that any

1

agreement between the parties requires any action to be brought exclusively in Butler County, Ohio.

## FACTUAL ALLEGATIONS

5. Defendant admits the allegations in paragraph 5 of the Complaint. Further responding, Defendant admits that Exhibit A to the Complaint, which speaks for itself, appears to be a true and accurate copy of the MSA.

6. Defendant admits the allegations in paragraph 6 of the Complaint. Further responding, Defendant admits that Exhibit B to the Complaint, which speaks for itself, appears to be a true and accurate copy of the Services Subscription Agreement.

7. Defendant admits that the Services Subscription Agreement states that terms and conditions applicable to the agreements between the parties are available online at the link identified in paragraph 7 of the Complaint. Defendant denies the allegations in paragraph 7 of the Complaint to the extent it is implied that the online terms and conditions take precedence over the terms set forth in the MSA when a conflict between those agreements exists.

8. Defendant admits that the language quoted in paragraph 8 of the Complaint is included in the Services Subscription Agreement, which speaks for itself.

9. Defendant admits that the language quoted in paragraph 9 of the Complaint is included in the Services Subscription Agreement, which speaks for itself. Defendant also admits that the Subscription Letter was signed on February 15, 2023.

10. Defendant admits that the language quoted in paragraph 10 of the Complaint is included in the MSA and the Services Subscription Agreement, which speak for themselves.

11. Defendant admits that Plaintiff agreed to provide the services listed in paragraph 11 of the Complaint. Further responding, Defendant denies that the list of services in paragraph 11 is a complete list of the services Plaintiff agreed to provide.

12. Defendant admits that in exchange for Plaintiff's full and satisfactory performance, Defendant agreed to pay the amounts identified in paragraph 12 of the Complaint and set forth in the Services Subscription Agreement, which speaks for itself. Defendant denies Plaintiff fully and satisfactorily performed.

13. Defendant admits that the language quoted in paragraph 13 of the Complaint is included in the MSA, which speaks for itself. Further responding, Defendant denies any implication that the language quoted in paragraph 13 of the Complaint altered, amended, or modified any other terms of the MSA or otherwise provided Plaintiff with carte blanche to invoice Defendant in whatever amount Plaintiff desired.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits that it had the right to terminate the agreements upon the occurrence of the events included in the quoted language in paragraph 16 of the Complaint from the MSA, which speaks for itself. Further responding, Defendant admits that the MSA contains provisions relating to material breach, notice, and cure. Defendant denies any implication that it did not satisfy all conditions precedent to termination.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant admits only that Plaintiff "issued an invoice dated January 30, 2024, in the amount of $504,514.49" and that Exhibit D appears to be a true and accurate copy of that invoice. Further responding, Defendant denies all remaining allegations in paragraph 21 of the Complaint and specifically denies the allegation that the amount reflected in paragraph 21 of the Complaint is "owed under the Master Services Agreements, the Subscription Services Agreement, and the Terms & Conditions as adjusted."

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

### COUNT I – BREACH OF CONTRACT/BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

29. Defendant incorporates by reference its responses to paragraphs 1 through 28 as though fully set forth herein.

30. Defendant admits that in exchange for Plaintiff's full and satisfactory performance, Defendant agreed to pay the amounts identified in paragraph 30 of the Complaint and set forth in the Services Subscription Agreement, which speaks for itself. Defendant denies all remaining allegations in paragraph 30 of the Complaint.

31. Defendant admits the allegations in paragraph 31 of the Complaint.

32. Defendant admits that the Master Services Agreement, Services Subscription Agreement, and Terms & Conditions were valid and enforceable contracts prior to Defendant's proper termination thereof.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

Wherefore, Defendant Helzberg's Diamond Shops, LLC prays that Plaintiff Vigilant LLC recover and take nothing for its claim in Count I of the Complaint, that judgment be entered in Defendant's favor and against Plaintiff, that Defendant be awarded all fees and costs authorized by any agreement between the parties or otherwise recoverable by law, and for such other and further relief the Court deems just and proper.

### COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS AND ECONOMIC RELATIONSHIPS

41. Defendant incorporates by reference its responses to paragraphs 1 through 40 as though fully set forth herein.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint that relate to "Vigilant's business relationships" due to Plaintiff's failure to identify the business relationships at issue and, thus, Defendant denies

5

those allegations. Further responding, Defendant denies the remaining allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint, including all subparagraphs thereof.

45. Defendant denies the allegations in paragraph 45 of the Complaint, including all subparagraphs thereof.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

Wherefore, Defendant Helzberg's Diamond Shops, LLC prays that Plaintiff Vigilant LLC recover and take nothing for its claim in Count II of the Complaint, that judgment be entered in Defendant's favor and against Plaintiff, that Defendant be awarded all fees and costs authorized by any agreement between the parties or otherwise recoverable by law, and for such other and further relief the Court deems just and proper.

**PRAYER FOR RELIEF**

Defendant Helzberg's Diamond Shops, LLC denies that Plaintiff Vigilant LLC is entitled to any recovery for its claims stated herein. Defendant further prays that judgment be entered in Defendant's favor and against Plaintiff on all counts, that Defendant be awarded all fees and costs

authorized by any agreement between the parties or otherwise recoverable by law, and for such other and further relief the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Defendant Helzberg's Diamond Shops, LLC denies all allegations not expressly admitted above and for its affirmative defenses states and pleads as follows:

1. Plaintiff fails to state a claim upon which relief can be granted in Count I of the Complaint because the damages sought by Plaintiff are not recoverable under the applicable agreements.

2. Plaintiff fails to state a claim upon which relief can be granted in Count II of its Complaint because it fails to identify and support the alleged business relationship and expectancy at issue.

3. Plaintiff's claims are barred by the doctrines of waiver or release.

4. Plaintiff's claims are barred by the doctrines of laches, estoppel, or unclean hands.

5. Plaintiff's claims are barred due to its failure and refusal to participate in negotiations in good faith.

6. Plaintiff failed to mitigate its damages by, *inter alia*, refusing to negotiate this dispute in good faith.

7. Plaintiff's claims are barred by failure of consideration.

8. Plaintiff's claims are barred by the economic loss doctrine.

9. Plaintiff's claim in Count I is barred because Plaintiff failed to perform and provide the services it promised to provide under the MSA and Services Subscription Agreement.

10. Plaintiff's claim in Count I is barred because Plaintiff breached the MSA and Services Subscription Agreement prior to Defendant's termination, which was proper and supported.

11. Plaintiff's claim in Count I seeks damages that are not available to it under the terms of the MSA.

12. Defendant complied with all notice provisions of the MSA relating to breach and termination.

13. Defendant's actions, if any, relating to Plaintiff's yet-identified business relationship(s) was justified or privileged.

14. Defendant's statements, if any, relating to Plaintiff's yet-identified business relationship(s) were truthful.

15. Plaintiff did not have a reasonable expectancy that the yet-identified business relationship(s) at issue in Count II would continue or be realized.

16. To the extent Plaintiff was damaged, which Defendant denies, Plaintiff caused or contributed to cause its damages by breaching the MSA and Services Subscription Agreement or by its own negligent or wrongful conduct.

17. Defendant reserves the right to assert additional defenses as this case progresses and additional facts are developed.

Respectfully submitted,

**/s/ Brian S. Sullivan**
Brian S. Sullivan (0040219)
Katherine A. Rasmussen (0093928)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone: 513-977-8200
Fax: 513-977-8141

Email:  brian.sullivan@dinsmore.com
katherine.rasmussen@dinsmore.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served via e-mail on the following this 14th day of April, 2025:

Sanna-Rae Taylor
Taft Stettinius & Hollister LP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Email: srtaylor@taftlaaw.com

*Attorneys for Plaintiff*


          **/s/ Brian S. Sullivan**
          Brian S. Sullivan (0040219)