**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Vigilant LLC,** | ) | **Case No. 1:25-cv-00238** |
| | ) | |
| **Plaintiff,** | ) | **District Judge Douglas R. Cole** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Helzberg's Diamond Shops, LLC,** | ) | |
| | ) | **RULE 26(F) REPORT OF PARTIES** |
| **Defendant.** | ) | |
| | ) | |

1.      Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 6, and May 20, 2025 and was attended by:

>   **Sanna-Rae Taylor,** *counsel for plaintiff Vigilant LLC*
>   **Katherine A. Rasmussen,** *counsel for defendant Helzberg's Diamond Shops, LLC*

2.      The parties will exchange disclosures by **Friday, June 13, 2025**

3.      The parties **do not unanimously consent** to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

4.      Recommended cut-off date for filing of motions directed to the pleadings: **November 14, 2025**

5.      Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: **September 19, 2025**

6.      Recommended discovery plan:

>   a.      Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial: **Discovery is needed to address the alleged claims and defenses as described in the Complaint, including Defendant's alleged breach of contract and failure to pay the amounts Plaintiff alleges are due and owing under the agreements between the parties. Additionally, discovery is needed on the alleged claims and defenses concerning Defendant's alleged tortious interference with Plaintiff's business interests and Plaintiff's claimed damages.**

>   b.      What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this

Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of (7) hours? **None.**

c.  Additional recommended limitations on discovery: **None.**

d.  Recommended date for the disclosure of lay witnesses: **December 12, 2025**

e.  Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2). **The parties are currently discussing the claims and defenses which will impact the potential expert testimony needs.**

f.  Recommended date for disclosure and report of Plaintiff's expert(s):
**If necessary, March 20, 2026**

g.  Recommended date for disclosure and report of Defendant's expert(s):
**If necessary, April 17, 2026**

h.  Recommended date for disclosure and report of rebuttal expert(s):
**If necessary, May 22, 2026**

i.  Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced. Yes.

i. The parties have electronically stored information in the following formats:
**Word, Excel, PDF, .PST**

ii. The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced: **the parties will agree upon ESI protocol and submit to the Court.**

j.  Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials: **The**

**parties anticipate that the case will involve documents and information that are confidential and proprietary and should not be made publicly available and agree to prepare and submit a mutually agreeable protective order to the Court requesting controls and limitations on the use and dissemination of such confidential information.**

    ii. Have the parties agreed on a procedure to assert such claims AFTER production? **The parties will agree to submit to the Court a mutually agreeable protective order.**

7.  Recommended cut-off date: **June 19, 2026 (Expert) February 15, 2026 (Fact)**

8.  Recommended dispositive motion date: **February 20, 2026**

9.  Recommended date for status conference (if any): **December 4, 2025**

10.  Suggestions as to type and timing of efforts at Alternative Dispute Resolution: **Parties to mediate by November 14, 2025**

11.  Recommended date for a final pretrial conference: **June 30, 2026**

12.  Has a settlement demand been made? **Pre-suit**
   A response? **Pre-suit**
   Date by which a settlement demand can be made: **May 26, 2025**
   Date by which a response can be made: **May 29, 2025**

13.  Other matters pertinent to the scheduling or management of this litigation: **NA**


Signatures:


Attorney for Plaintiff:       Attorneys for Defendant:


*/s/ Sanna-Rae Taylor*      */s/ Katherine A. Rasmussen (per auth.)*
Sanna-Rae Taylor (0093928)    Katherine A. Rassmussen (0091302)
Taft Stettinius & Hollister LLP    Dinsmore & Shohl LLP
425 Walnut Street, Suite 1800    255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202      Cincinnati, Ohio 45202
Phone: (513) 381-2838      Phone: (614) 628-6982
Fax: (513) 381-0205       Fax: (513) 977-8141

*Trial Attorney for Vigilant, LLC*   *Trial Attorneys for Helzberg's Diamond Shops, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed on this 23rd day of May, 2025 with the Court via the Court's CM/ECF filing system. All parties registered with the system will receive notification of the filing.

*/s/ Sanna-Rae Taylor*